IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:

LUIS FERNANEZ AND ISABETA JIMENEZ,
Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY,
Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, LUIS FERNANEZ AND ISABETA JIMENEZ ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, AMERICAN SECURITY INSURANCE COMPANY ("Defendant"), and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages greater than the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, costs, and attorney's fees, and otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Plaintiff was and is an individual who resides in Charlotte County, Florida and is otherwise *sui juris*.

3. At all times material hereto, Plaintiff owns property insured by Defendant, located at 4112 Harbor Boulevard, Port Charlotte, FL 33952 (the "Property") and is a resident of Charlotte County, Florida.

4. At all times material hereto, Defendant was and is an insurance corporation doing and/or transacting business in the County of this Court.

5. At all times material hereto, Defendant is a Florida corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and conducting business in Charlotte County, Florida.

6. Venue is proper in Charlotte County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Charlotte County, Florida. Furthermore, the Property, which is the subject matter of this lawsuit, is located in Charlotte County, Florida.

### GENERAL ALLEGATIONS

7. At all times material hereto, for valuable consideration of a premium paid by Plaintiff, there was a valid insurance policy issued by Defendant, identified as policy number 2MR21021579567 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A." or Plaintiff will obtain a copy of

the policy from Defendant through the discovery process and such policy will be filed in support of this action at that time.

8. Plaintiff paid all insurance premiums due and owing under the Policy at all relevant times herein.

9. By issuing the Policy, Defendant agreed to provide insurance coverage to the Property for certain property loss.

10. On or about September 28, 2022, while the Policy was in full force and effect, Hurricane Ian's intense wind and rain caused direct and physical damages to the Property, including the roof, interior and exterior

11. Under the terms of the Policy there is coverage for a loss caused by the peril of windstorm during a hurricane if the direct force of the windstorm first damages the building, causing an opening through which the rain enters and causes damage.

12. The Loss caused by the peril of windstorm during Hurricane Ian caused an opening through which the rain entered and caused damage and therefore qualifies as a covered peril under the Policy.

13. Defendant was given timely notice of the Loss, assigned claim number, and assigned an insurance adjuster to investigate the damages.

14. Plaintiff protected the Property from further damage, made the Property available for inspection, and fully cooperated with Defendant's investigation of the claim.

15. Defendant completed its investigation of the claim and failed to pay the benefits due under the Policy for Plaintiff's covered damages.

16. Plaintiff submitted additional information/documentation to Defendant and requested reconsideration of coverage determination and again Defendant failed to pay the benefits due to Plaintiff under the Policy.

17. Plaintiff performed all post loss obligations and all conditions precedent to the filing of this lawsuit have occurred, been met, performed, or waived by Defendant.

## **BREACH OF CONTRACT**

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint.

19. Plaintiff and Defendant entered into a valid written agreement for insurance benefits, reflected in the Policy, which was in full force and effect at all material times hereto.

20. The Policy provides coverage for a loss caused by the peril of windstorm during a hurricane if the direct force of the windstorm first damages the building, causing an opening through which the rain enters and causes damage.

21. The Loss qualifies as a covered peril under the Policy as Hurricane Ian caused an opening in the Property through which the rain entered and caused damage.

22. Defendant has a contractual and legal obligation to pay for damages incurred as a result of a covered peril under the Policy and owes a duty to Plaintiff to fully compensate Plaintiff for the covered peril.

23. Defendant underpaid Plaintiff for the Loss and/or failed to provide full payment of benefits due and owing to Plaintiff under the Policy.

24. Under the terms of the Policy, Defendant is accountable to Plaintiff for the total amount of the Loss, within the Policy limits of liability, less any applicable deductible.

25. Defendant failed or refused to pay for all damages sustained by Plaintiff as a result of the Loss.

26. Plaintiff sustained unpaid damages for a covered peril under Defendant's policy of insurance.

27. Plaintiff has been compelled, by Defendant's refusal to pay these insurance proceeds, to retain the undersigned attorney and pay reasonable fees and costs for legal services in connection with this lawsuit.

28. Plaintiff has performed all of its obligations under the Policy.

**WHEREFORE**, Plaintiff respectfully requests that this Court declare a judgment against Defendant and in favor of Plaintiff, award Plaintiff the entitled amount of damages plus interest and attorney's fees pursuant to Florida Statute §627.428, and grant any other relief that this Court considers equitable and just to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury upon all issues and all counts of the Complaint triable as a matter of right.

**DATED this August 14, 2023**

> Respectfully submitted,
> **Weir & Miranda Law, P.A. f/k/a**
> **The Weir Law Firm, P.A.**
> Attorney for Plaintiff
> 8950 SW 74th Ct., Suite 2101
> Miami, FL 33156
> Phone: (305) 271-4067
> Email: maria.suarez@theweirlawfirm.com
> By: */s/ Maria Del Carmen Suarez, Esq.*
> **Maria del Carmen Suarez, Esq.**
> Florida Bar No.: 1002852
> **Sylvia P. Weir, Esq.**
> Florida Bar No.: 1002890